# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BERND MCCONNELL,

      Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
DE-0845-14-0416-I-1

DATE: March 13, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bernd McConnell, Colorado Springs, Colorado, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision finding that the appellant was overpaid $785.96 in Federal Employees' Retirement System annuity benefits. Generally, we grant petitions such as this

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant served as a midshipman at the U.S. Naval Academy from June 28, 1961, to June 8, 1965. Initial Appeal File (IAF), Tab 5 at 51. Thereafter, he served on active military duty with the U.S. Air Force until 1992, at which point he retired from the military and joined the federal civilian work force. *Id.* at 38, 50. In 1998, the appellant made a service deposit of $184.04 to obtain civil service retirement credit for his 3 years and 11 months of academy service as a midshipman. *Id.* at 48. Effective December 31, 2012, the appellant retired from federal service. *Id.* at 34, 43.

¶3        In January and February 2013, OPM made interim annuity payments to the appellant in the gross amount of $5,824 ($2,912 per month). *Id.* at 11, 23. In March 2013, OPM finalized the appellant's annuity benefits and, failing to credit the appellant with his 3 years and 11 months of academy service, determined that he was entitled to only $2,539 per month and a refund of his $184.04 academy

service deposit. *See id.* at 11, 17, 22. Based on the lower annuity rate, academy service deposit refund, and life insurance premiums that had not been withheld from the interim payments, OPM determined that the appellant had received an overpayment of $785.96.[2] *See id.* at 11, 22-23, 25.

¶4     Several weeks later, OPM determined that the appellant should receive retirement credit for his academy service. *See id.* at 4. Accordingly, on March 28, 2013, OPM recomputed the appellant's annuity to account for his academy service and derived a gross monthly annuity of $3,361. *Id.* at 4, 17, 22-23. To cover the underpayments in January, February, and March 2013, OPM authorized a one-time payment of $2,466.[3] *See id.* OPM did not withhold the earlier overpayment of $785.96 but eventually collected the erroneous academy service deposit refund by withholding $184.04 from the September 2013 annuity payment.[4] *See id.* at 4, 12-13, 22.

¶5     In August 2013, OPM notified the appellant of the $785.96 overpayment and advised that collection of the overpayment would begin in November unless the appellant requested reconsideration or waiver. *Id.* at 22-26. The appellant timely requested reconsideration of the overpayment amount. *Id.* at 20-21. In May 2014, OPM issued its reconsideration decision affirming the initial overpayment decision, which the appellant timely appealed. *Id.* at 16-18; IAF,

---

[2] OPM derived the overpayment as follows: final monthly annuity for January and February ($2,539 + $2,539 = $5,078) – interim payments for January and February ($2,912 + $ 2,912 = $5,824) – life insurance premiums not withheld from the interim payments ($112 + $112 = $224) + academy service deposit refund ($184.04) = -$785.96.

[3] Although the appellant actually received interim payments of $2,912 in January and February, OPM derived the one-time payment of $2,466 based on the assumption that the appellant was paid $2,539 (the amount OPM determined the appellant was due when his academy service was erroneously excluded) in January, February, and March; i.e., ($3,361 x 3 months = $10,083) – ($2,539 x 3 months = $7,617) = $2,466.

[4] In May and June 2013, OPM initiated overpayment collections in the amount of $242.70 per month but later cancelled the withholdings and refunded $485.40 to the appellant as he had not been afforded due process. *See* IAF, Tab 5 at 22-23.

Tab 1. Without holding a hearing, the administrative judge affirmed OPM's reconsideration decision, finding that: (1) the agency established the existence and amount of the overpayment by preponderant evidence; and (2) the appellant failed to establish by substantial evidence the he was eligible for adjustment or waiver of the overpayment. IAF, Tab 13, Initial Decision (ID).

¶6    The appellant has filed a petition for review of the initial decision, arguing that OPM incorrectly calculated the amount of the overpayment. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition, and the appellant has submitted a reply to the agency's response. PFR File, Tabs 4-5.

¶7    OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); *see* 5 C.F.R. § 845.307(a). The appellant does not dispute the existence of an overpayment, but argues that the overpayment should be calculated on the basis of his net, rather than gross, annuity payments.[5] PFR File, Tab 1 at 6, Tab 5 at 3. Using the net figures, the appellant proffers that the outstanding overpayment is only $313.65 (interim annuity overpayment of $497.69 less the academy service deposit refund of $184.04 that OPM has already collected). PFR File, Tab 5 at 3.

¶8    The record reflects that federal tax withholdings account for the difference between the gross and net interim annuity payments.[6] *See* IAF, Tab 5 at 11, 23. OPM is required by law to withhold federal income taxes from the benefit it pays and to remit that amount to the Internal Revenue Service (IRS). *Cebzanov v. Office of Personnel Management*, 96 M.S.P.R. 562, ¶ 11 (2004). To the extent that an adjustment to an annuitant's benefits affects his tax liability for past

---

[5] Although the appellant also raised this argument below, it does not appear that the administrative judge addressed it in the initial decision. IAF, Tab 7 at 4; *see* ID at 3-5. Accordingly, we will address it now.

[6] OPM did not withhold the appellant's life insurance premiums from the interim payments in January and February 2013, and later sought to collect the premiums by including them in the overpayment calculations. *See* IAF, Tab 5 at 11, 23.

years, the annuitant must seek a remedy from the IRS. *See id.*; *see also Hopkins v. Department of the Navy*, 86 M.S.P.R. 11, ¶ 2 (2000) (the Board lacks authority to remedy the tax consequences of a back pay award). Thus, OPM did not err by basing its overpayment calculations on the pre-tax annuity paid to the appellant. If the appellant believes that the overpayment created excess tax liability or that he is entitled to an adjustment of his 2013 federal taxes, his remedy, if any, lies with the IRS.

¶9        The appellant also contends that his overpayment should be reduced because OPM has already collected the erroneously refunded academy service deposit. *See* PFR File, Tab 1 at 6. The evidence presented by OPM, however, shows that the appellant still owes $785.96. Initially, OPM calculated the appellant's final annuity rate without credit for his academy service and arrived at a monthly annuity of $2,539. *See* IAF, Tab 5 at 17, 22-23, 25. As the appellant's interim payments of $2,912 per month were higher than the initial final rate of $2,539.00 and because life insurance premiums had not been withheld from the interim payments, OPM determined that the appellant had received an overpayment in January and February. *See id.* Moreover, because the initial final rate did not include credit for the appellant's academy service, OPM determined that the academy service deposit should be refunded to the appellant. *See id.* OPM thus "refunded" the academy service deposit of $184.04 by applying it to the overpayment, which reduced the amount of the outstanding overpayment from $970.00[7] to $785.96[8]. *See id.* Several weeks later, OPM correctly revised the appellant's final annuity to include credit for his academy service, which then required the appellant to repay the academy service deposit. *See id.* at 17, 22. At

---

[7] Final monthly annuity owed to the appellant ($2,539 + $2,539 = $5,078) – interim payments received by the appellant ($2,912 + $2,912 = $5,824) – life insurance premiums not withheld from interim payments ($112 + $112 = $224) = $970. *See* IAF, Tab 5 at 17, 22-23, 25.

[8] Overpayment ($970) – military service credit refund ($184.04) = $785.96. *See* IAF, Tab 5 at 17, 22-23, 25.

that point, the appellant owed OPM the outstanding overpayment amount of $785.96 plus the erroneously refunded academy service deposit of $184.04; i.e., the appellant owed OPM a total of $970.00.  OPM collected the military deposit refund in September 2013, and the amount owed to OPM is once again $785.96. *See id.*

¶10    Although we understand the appellant's frustration with OPM's handling of this matter, we discern no basis to disturb the administrative judge's determination that OPM has established the amount of the overpayment by preponderant evidence and that the appellant has failed to establish that the amount is incorrect.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.